# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GREGORY GEORGE HARRIS,

|  |  |
|---|---|
| Plaintiff, | Circuit Court Case No. 2020-000935-NI |
|  | Hon. Kathryn A. Viviano |
| v. | Federal Court Case No. |
|  | Hon. |

St. Clair Shores Public Police Officers, Joseph Chomiak
St. Clair Shores Public Police Officer Heather Zawacki
St. Clair Shores Public Police Officer John Doe #1
St. Clair Shores Public Police Officer John Doe #2
St. Clair Shores Public Police Officer John Doe #3

> *All in their Individual and Official Capacities,
> Jointly and Severally*

and

Macomb County Deputy Sheriff Matthew Nye
Macomb County Deputy Sheriff Zachary Harmon
Macomb County Deputy Sheriff Anthony Sauger
Macomb County Deputy Sheriff Christopher Conway
Macomb County Deputy Sheriff Jeffrey Carney
Macomb County Deputy Sheriff John Doe #1
Macomb County Deputy Sheriff John Doe #2
Macomb County Deputy Sheriff John Doe #3

> *All in their Individual and Official Capacities, a
> Jointly and Severally*

Defendants.

| **PAUL M. HUGHES, (P 36421)** | **TIMOTHY S. FERRAND (P39583)** |
|---|---|
| Attorney for the Plaintiff | CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC |
| 220 Bagley, Suite 740 | Attorney for Defendants St. Clair Shores |
| Detroit, MI 48226 | Police Officers Joseph Chomiak and |
| (313) 400-1195 | Heather Zawachi |
| attorneyhughes1419@gmail.com | 19176 Hall Road, Suite 220 |
|  | Clinton Township, MI 48038 |
|  | 586-228-5600 / 586-228-5601 (fax) |
|  | tferrand@cmda-law.com |

01134264-1

**JOHN A. SCHAPKA (P 36741)**
Attorney for Defendant Matthew Nye
1 S. Main Street, 8th Flr.
Mt. Clemens, MI 48043
(586) 469-6346
john.aschapka@macombgov.org

## PETITION/NOTICE OF REMOVAL OF ACTION

Defendants, ST. CLAIR SHORES POLICE OFFICERS JOSEPH CHOMIAK AND HEATHER ZAWACHI, by and through their attorneys, Cummings, McClorey, Davis & Acho, PLC, for their Petition/Notice of Removal of Action, provide as follows:

1.  On March 15, 2020, Plaintiff filed the attached Amended Complaint in the Macomb County Circuit Court. (Exhibit A).

2.  The Complaint was served on the Defendants through their counsel, June 10, 2020.

3.  Within the Amended Complaint Plaintiff alleges a cause of action pursuant to 42 U.S.C. §1983 and §1985 for violations of the Fourth and Fourteenth Amendments of the United States Constitution. (alleging wrongful arrest, detention, imprisonment, and malicious prosecution).

4.  Removal of this litigation from the Macomb County Circuit Court to this Court is proper pursuant to 28 U.S.C. §1441.

5.   Defendants have properly and timely filed Notice of Removal within 30 days of service of the Complaint as required by 28 U.S.C. §1446. (Exhibit B).

6.   All Defendants including the Defendant Macomb County, Deputy Sheriff's Matthew Nye, Zachary Harmon, Anthony Sauger, Christopher Conway, and Jeffery Carney have stipulated and agreed to the removal of this action from the Macomb County Circuit Court to the United States District Court for the Eastern District of Michigan.

WHEREFORE, the Defendants, St. Clair Shores Police Officers Joseph Chomiak and Heather Zawachi, respectfully request this Honorable Court grant its Petition for Removal and remove this case from the Macomb County Circuit Court to the United States District Court for the Eastern District of Michigan, Southern Division.

Respectfully submitted,

**CUMMINGS, McCLOREY, DAVIS & ACHO, PLC**

By:   _/s/ Timothy S. Ferrand_____
      TIMOTHY S. FERRAND (P39583)
      Attorney for Defendant
      19176 Hall Road, Suite 220
      Clinton Township, MI 48038
      (586) 228-5600
Dated: June 17, 2020      tferrand@cmda-law.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GREGORY GEORGE HARRIS,

                                          Lower Court Case No. 2020-000935-NI

            Plaintiff,

v.

St. Clair Shores Public Police Officers, Joseph Chomiak
St. Clair Shores Public Police Officer Heather Zawacki
St. Clair Shores Public Police Officer John Doe #1
St. Clair Shores Public Police Officer John Doe #2
St. Clair Shores Public Police Officer John Doe #3

      *All in their Individual and Official Capacities,*
      *Jointly and Severally*

and

Macomb County Deputy Sheriff Matthew Nye
Macomb County Deputy Sheriff Zachary Harmon
Macomb County Deputy Sheriff Anthony Sauger
Macomb County Deputy Sheriff Christopher Conway
Macomb County Deputy Sheriff Jeffrey Carney
Macomb County Deputy Sheriff John Doe #1
Macomb County Deputy Sheriff John Doe #2
Macomb County Deputy Sheriff John Doe #3

      *All in their Individual and Official Capacities, a*
      *Jointly and Severally*

      Defendants.

| | |
|---|---|
| **PAUL M. HUGHES, (P 36421)**<br>Attorney for the Plaintiff<br>220 Bagley, Suite 740<br>Detroit, MI 48226<br>(313) 400-1195<br>attorneyhughes1419@gmail.com | **TIMOTHY S. FERRAND (P39583)**<br>CUMMINGS, McCLOREY, DAVIS & ACHO, PLC<br>Attorney for Defendants St. Clair Shores Police Officers Joseph Chomiak and Heather Zawachi<br>19176 Hall Road, Suite 220<br>Clinton Township, MI 48038<br>586-228-5600 / 586-228-5601 (fax)<br>tferrand@cmda-law.com |

**JOHN A. SCHAPKA (P 36741)**
Attorney for Defendant Matthew Nye
1 S. Main Street, 8th Flr.
Mt. Clemens, MI 48043
(586) 469-6346
john.aschapka@macombgov.org

## BRIEF IN SUPPORT OF
## PETITION/NOTICE OF REMOVAL OF ACTION

Defendants, ST. CLAIR SHORES POLICE OFFICERS JOSEPH

CHOMIAK AND HEATHER ZAWACHI, in support of their Petition/Notice of

Removal of Action, rely upon 28 U.S.C. §1331, §1441 and §1446.


Respectfully submitted,

***CUMMINGS, McCLOREY, DAVIS & ACHO, PLC***

By:   _/s/ Timothy S. Ferrand_____
TIMOTHY S. FERRAND (P39583)
Attorney for Defendant
19176 Hall Road, Suite 220
Clinton Township, MI 48038
(586) 228-5600
Dated: June 17, 2020    tferrand@cmda-law.com


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 17, 2020, she caused the
foregoing document to be filed with the Court's electronic court filing system, which
system will serve all parties of record.

_/s/  Deborah L. Van Steenis_____
Deborah L. Van Steenis

| Approved, SCAO | Original - Court<br>1st copy - Defendant | *Police Atty* | 2nd copy - Plaintiff<br>3rd copy - Return |

**STATE OF MICHIGAN**

16th JUDICIAL DISTRICT
JUDICIAL CIRCUIT
COUNTY PROBATE

**SUMMONS**

*FIN Agenda 5/13/20*

**CASE NO.**
2020-935-NI

| Court address | Court telephone no. |
|---|---|
| 1 North Main St. Mt. Clemens MI 48043( | (586)469-7171 |

Plaintiff's name(s), address(es), and telephone no(s).
GREGORY GEORGE HARRIS
c/o attorny below

v

Defendant's name(s), address(es), and telephone no(s).
St. Clair Shores Public Police Officer, Joseph Chomiak
St. Clair Shores Public Police Officer Heather Zawacki .
St. Clair Shores Public Police Officer John Doe #1
St. Clair Shores Public Police Officer John Doe #2
St. Clair Shores Public Police Officer John Doe #3

**City of St. Clair Shores**

MAY 1 4 2020

**Office of City Clerk**

Plaintiff's attorney, bar no., address, and telephone no.
Paul / Hughes. P 36421
220 Bagley, Ste. 740
Detroit, MI 48226
(313) 400-1195

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☑ this court, ☐ _____ Court, where

it was given case number 2020-935-NI and assigned to Judge Viviano .

The action ☑ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| | | |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

*Document received by the MI Macomb 16th Circuit Court.*

# IN THE STATE OF MICHIGAN

## FOR THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

GREGORY GEORGE HARRIS,

        Case Number: 2020-935-NI

    *Plaintiff,*

*vs.*

St. Clair Shores Public Police Officers, Joseph Chomiak
St. Clair Shores Public Police Officer Heather Zawacki
St. Clair Shores Public Police Officer John Doe #1
St. Clair Shores Public Police Officer John Doe #2
St. Clair Shores Public Police Officer John Doe #3

      *All in their Individual and Official Capacities,*
          *Jointly and Severally*

  and

Macomb County Deputy Sheriff MatthewNye
Macomb County Deputy Sheriff Zachary Harmon
Macomb County Deputy Sheriff Anthony Sauger
Macomb County Deputy Sheriff Christopher Conway
Macomb County Deputy Sheriff Jeffrey Carney
Macomb County Deputy Sheriff John Doe #1
Macomb County Deputy Sheriff John Doe #2
Macomb County Deputy Sheriff John Doe #3

      *All in their Individual and Official Capacities,*
          *Jointly and Severally*

    *Defendants,*

_____/

| | |
|---|---|
| PAUL M. HUGHES, (P 36421) | JOHN A. SCHAPKA (P 36741) |
| Attorney for the Plaintiff | Attorney for Defendant Matthew Nye |
| 220 Bagley, Suite 740 | 1 S. Main Street, 8th Flr. |
| Detroit, MI 48226 | Mt. Clemens, MI 48043 |
| (313) 400-1195 | (586) 469-6346 |
| attorneyhughes1419@gmail.com | john.aschapka@macombgov.org |

_____/

Document received by the MI Macomb 16th Circuit Court.

<u>**PLAINTIFF'S FIRST AMENDED COMPLAINT FILED PURSUANT TO
MCR 2.118 (A)(1) and JURY DEMAND**</u>

*There is no other pending or resolved case between these parties or other parties arising from the transaction or occurrence alleged in the complaint other than Plaintiffs first pending complaint.*

**NOW COMES** the Plaintiff, **GREGORY GEORGE HARRIS**, by and through his attorney, **PAUL M. HUGHES, ESQ**. and for his First Amended Complaint against the Defendants states as follows:

<u>**PARTIES, JURISDICTION, AND VENUE**</u>

1. At all pertinent times, Plaintiff was a resident of Wayne County, and a citizen of the State of Michigan.

2. All individual defendant police officers from St. Clair Shores Police Department and Macomb County Deputy Sheriffs upon information and belief hereinafter were citizens of the Macomb County, State of Michigan, and at all pertinent times worked and were employed by the City of St. Clair Shores in Macomb County, Michigan.

3. City of St. Clair Shores is a municipal corporation organized and existing under the Constitution and the laws of the State of Michigan.

4. The County of Macomb is a municipal corporation recognized under Constitution and the laws of the State of Michigan.

5. Plaintiff brings this action under the laws of the State of Michigan, as well as the United States Constitution, and 42 U.S.C. §1983 and at all times all individual defendants were acting under color of law.

2

Document received by the MI Macomb 16th Circuit Court.

6. Venue is appropriate because the events giving rise to this action occurred entirely in Macomb County, Michigan.

7. The amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000) and is otherwise within this Court's subject matter jurisdiction.

## COMMON FACTUAL ALLEGATIONS

8. On or about March 8, 2018, Plaintiff was taken to the St. Clair Shores Police Department by Wayne State Public Safety Officers under his real name, Gregory George Harris (DOB: 11/12/87), allegedly due to an outstanding warrant in his name for driving while license suspended.

9. It should also be noted that the **Plaintiff Gregory George Harris** is 5'6" tall and weighs approximately 140 pounds and has a DOB: of 11/12/87, whereas **Gregory McCray Harris** is 5'9" and weighs approximately 190 pounds. (DOB: 7/3/85); additionally. these officers had access to fingerprints and photo I.D.'s of both individuals neither of which matched each other in anyway.

10. 10. The Individual Defendant(s) from the St. Clair Shores Police Department, subsequently wrote false police report or recklessly handalled records with reckless indifference or gross negligence wrongfully causing the Plaintiff to be booked under the wrong name as **Gregory McCray Harris** who also had an outstanding in the 40th District Court on more serious charges.

11. The individual St. Clair Shores Defendants wrongfully handcuffed and arrested Plaintiff.

12. The individual St. Clair Shores Defendants, based upon fabricated, false and wholly incorrect information, processed the Plaintiff under the name of **Gregory**

3

Document received by the MI Macomb 16th Circuit Court.

**McCray Harris**, who was wanted out of the of the 40th District Court on serious felony charges than the Plaintiff and under a higher bail amount than the Plaintiff who allegedly only had a bench warrant only for failing to appear in court on a charge of driving while license suspended and a much lower bond amount which he could have posted.

13.    The individual St. Clair Shores Defendants, with reckless indifference and gross negligence made false and incorrect reports, which were inaccurate and were in violation of the Plaintiffs' rights under state law and in violation of his clearly established rights under the 4th and 14th Amendment rights; rights and laws which were clearly known, or should have been known by these officers at that time based on a reasonably objective basis.

14.    In doing so, the individual St. Clair Shores Defendants acted in bad faith, with reckless indifference and gross negligence.

15.    In doing so, the individual St. Clair Shores Defendants violated Plaintiff's Constitutional rights not to be wrongfully seized, arrested, and imprisoned under a wrong person's identity who was charged with more serious charges and had a higher bond, which also caused him to be over detained at the Macomb County Jail, all rights which were clearly established rights that any objectively reasonable officer would have been aware of at the time of this occurrence.

16.    16.    After    the    Plaintiff    was    sent    to    the    Macomb    County Jail on March 8, 2017, the individual Macomb County Deputy Sheriffs failed to properly and independently use accepted methods to identify the Plaintiff but instead used improper ID and date of birth when they improperly accepted from the St. Clair Shores Police

Document received by the MI Macomb 16th Circuit Court.

4

Department into the Macomb County Jail under the name of Gregory "McCray" Harris who

had a different date of birth, different physical characteristics, different State I.D. number,

different finger prints and a different photo I.D. than that belonging to the Plaintiff.

17. Plaintiff protested to jail official and medical personal that he was being wrongfully held

under and false name as well as being over detained however his protests fell on deaf ears.

18. These Macomb County Deputy Sheriff defendants then through reckless indifference and

gross negligence failed to release the Plaintiff after he had been given "credit for time

served" by the Court on March 14, 2017, but continued to falsely imprison the Plaintiff until

March 21, 2017 before releasing him because they failed to follow orders and paperwork

from the court.

19. As a direct and proximate result all of the individual law enforcement Defendants

Defendants conduct, Plaintiff suffered injuries and damages including, but not limited

to:

    a.  Pain and suffering, physical injury;

    b.  Fear, anxiety, humiliation, and shame;

    c.  Serious emotional distress;

    d.  Cost of past and future medical;

    e.  Aggravation of pre-existing conditions

## COUNT I

### 42 U.S.C. 1983 & 1985
### AGAINST INDIVIDUAL ST. CLAIR SHORES POLICE DEFENDANTS

Plaintiff hereby re-alleges and incorporates herein by reference all the prior

paragraphs, as though the same were fully set forth herein word for word against these

Document received by the MI Macomb 16th Circuit Court.

Defendants.

20. The Individual Defendants' actions were done in their individual and official capacities, and under color of state law.

21. The Individual Defendants' actions as more clearly set forth in the section labeled "Common Factual Allegations", violated clearly established rights of the Plaintiff including, but not limited to:

    a.    The right to be free from wrongful arrest and wrongful imprisonment (4th and 14th Amendment);
    b. The right to be free from over detention (4th and 14th Amendment)
    c. the right to be free from malicious prosecution (4th and 14th Amendment);

22. The rights violated by these officers were clearly established at the time of the occurrence and would have been known by any officer using an objectively reasonable standard.

23. As a direct and proximate result of the Individual Defendants' actions, Plaintiff suffered injury and damages including, but not limited to those set forth in in the section entitled "Common Factual Allegations".

24. By committing the described acts, these Defendant officers acted in bad faith, with reckless indifference and with gross negligence.

    **WHEREFORE,** Plaintiff claims judgment against these Individual Defendants in an amount which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

**<u>COUNT II</u>**

**GROSS NEGLIGENCE UNDER STATE LAW**

Document received by the MI Macomb 16th Circuit Court.

## FALSE ARREST AND FALSE IMPRISONMENT, OVER DETENTION AGAINST INDIVIDUAL ST. CLAIR SHORES POLICE DEFENDANTS

Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

25. These individual Police Defendants owed Plaintiff a duty of care.

26. A duty to not falsely arrest and imprison him and to fabricate evidence against him.

27. A duty to process his paper work properly and not with reckless, deliberate indifference and gross negligence.

28. A duty to provide protection for Plaintiff when he was in a helpless condition.

29. A duty not to make Plaintiffs condition worse after taking him into their custody and control.

30. The actions of the Individual Defendants wantonly and recklessly, in gross negligence, violated the duties to Plaintiff and disregarded Plaintiffs rights as more fully set forth in the section entitled "Common Factual Allegations".

31. The Individual Defendants' actions in acting with gross negligence and denying Plaintiffs rights caused loss of rights and injury to the Plaintiff.

32. The Individual Defendants' actions were in wanton, reckless and callous disregard to Plaintiffs rights and to the injury to Plaintiff and were grossly negligent.

33. Under MCL 691.1407, citizens may maintain an action in tort against police Defendants whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

34. As a direct and proximate result of the Defendants' actions, Plaintiff suffered injury and damages including, but not limited to, those set forth in paragraph 18.

Document received by the MI Macomb 16th Circuit Court.

**WHEREFORE**, the Plaintiff claims judgment against Individual Defendants an which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST INDIVIDUAL ST. CLAIR SHORES DEFENDANTS

35. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

36. At all times relevant the Individual Defendants notwithstanding their standard duty of due care, owed to Plaintiff the following duties, among others:

   a. To refrain from inflicting negligent, grossly negligent, bad faith, and/or intentional emotional distress on Plaintiff;

   b. To refrain from subjecting Plaintiff to unsubstantiated and false statements meant to create probable cause in bad faith;

   c. To refrain from subjecting Plaintiff to emotional distress through wrongful seizure, improper use of force, and prosecution;

   d. To refrain from treating Plaintiff in an extremely and outrageously abusive manner.

37. The Individual Defendants negligently, grossly negligently, willfully, wantonly, knowingly and/or intentionally breached and continue to breach one or more of said duties by, among other things:

   a. Negligently, grossly negligently and/or intentionally, in bad faith, inflicting emotional distress upon Plaintiff, by wrongfully, arresting, wrongfully seizing, or wrongfully creating false statements against Plaintiff;

   b. Negligently, grossly negligently, and/or intentionally, in bad faith, subjecting Plaintiff to unlawful arrest and detention and over detention;

   c. Negligently, grossly negligently, and/or intentionally, in bad faith, treating

Document received by the MI Macomb 16th Circuit Court.

8

Plaintiff in an extremely and outrageously abusive manner.

38. As a direct and a proximate result of said negligent, grossly negligent, reckless, willful, wanton, knowing and/or intentional misconduct, all done in bad faith, by the Individual Defendants, in concert with Individual Defendants, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including, physical and mental pain, mental anguish, emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, as well as any other damage listed in paragraph 21.

**WHEREFORE,** the Plaintiff claims judgment against Individual Police Defendants in an amount which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

## COUNT IV

### 42 U.S.C. 1983 & 1985
### AGAINST INDIVIDUAL
### MACOMB COUNTY DEPUTY SHERIFF DEFENDANTS

Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

39. These individual Defendants failed to properly and independently use accepted methods to identify the Plaintiff but instead used improper ID and date of birth when they improperly accepted the defendant into the Macomb County Jail under the name of Gregory "McCray" Harris who had a different date of birth, different physical characteristics, different State I.D. number, different finger prints and a different photo

Document received by the MI Macomb 16th Circuit Court.

9

I.D  than that belonging to the Plaintiff.

40. This caused the Plaintiff to be incarcerated under a false name for over at least eight (8) additional days in the Macomb County Jail because the jail misidentified him as George McCray Harris the name given to them by the St. Clair Shores Defendants, EVEN THOUGH the St. Clair Shores Defendants, were given the correct information as to the Plaintiff's identification by the Wayne State Police who had delivered him to the St. Clair Shores Police Department.

41. The Plaintiff made immediate protests to jail officials the following day, as well as to jail medical personnel about his mis-identification but they were to no avail.

42. These defendants kept the Plaintiff in jail after the Court ordered him to be released on March 14th, 2018  however they did not do so until March 21, 2018 because they continued to mis-classify him and mis-identify him.

43. This wrongful imprisonment and over incarceration was done through gross negligence and violated the Plaintiff's rights under the 4th and 14th Amendment as well as State law and his rights under section 42 USC.1983.

**WHEREFORE,** the Plaintiff claims judgment against Individual Police Defendants in an amount which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

## COUNT V

**GROSS NEGLIGENCE UNDER STATE LAW
FALSE ARREST AND FALSE IMPRISONMENT, OVER DETENTION
AGAINST MACOMB COUNTY DEPUTY SHERIFF DEFENDANTS**

Plaintiff hereby re-alleges and incorporates herein by reference all the prior

Document received by the MI Macomb 16th Circuit Court.

paragraphs, as though the same were fully set forth herein word for word.

44. These individual Police Defendants owed Plaintiff a duty of care.

45. A duty to not falsely arrest and imprison him.

46. A duty to process his paper work properly and not with reckless, deliberate indifference and gross negligence.

47. Duty to provide protection for Plaintiff when he was in a helpless condition.

48. Duty not to make Plaintiffs condition worse after taking him into their custody and control.

49. The actions of the Individual Defendants wantonly and recklessly, in gross negligence, violated the duties to Plaintiff and disregarded Plaintiffs rights.

50. The Individual Defendants' actions in acting with gross negligence and denying Plaintiffs rights caused loss of rights and injury to the Plaintiff.

51. The Individual Defendants' actions were in wanton, reckless and callous disregard to Plaintiffs rights and to the injury to Plaintiff and were grossly negligent.

52. Under MCL 691.1407, citizens may maintain an action in tort against police Defendants whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

53. As a direct and proximate result of the Defendants' actions, Plaintiff suffered injury and damages including, but not limited to, those set forth the section entitled "Common Factual Allegations".

54. The Plaintiff made immediate protests to jail officials the following day, as well as to jail medical personnel about his misidentification but they were to no avail.

Document received by the MI Macomb 16th Circuit Court.

**WHEREFORE,** the Plaintiff claims judgment against Individual Defendants an which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

## COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST INDIVIDUAL MACOMB COUNTY DEPUTY SHERIFF DEFENDANTS

55. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

56. At all times relevant the Individual Defendants notwithstanding their standard duty of due care, owed to Plaintiff the following duties, among others:

    e.  To refrain from inflicting negligent, grossly negligent, bad faith, and/or intentional emotional distress on Plaintiff;

    f.  To refrain from subjecting Plaintiff to unsubstantiated and false statements meant to create probable cause in bad faith;

    g.  To refrain from subjecting Plaintiff to emotional distress through wrongful seizure, improper use of force, and prosecution;

    h.  To refrain from treating Plaintiff in an extremely and outrageously abusive manner.

57. The Individual Defendants negligently, grossly negligently, willfully, wantonly, knowingly and/or intentionally breached and continue to breach one or more of said duties by, among other things:

    d.  Negligently, grossly negligently and/or intentionally, in bad faith, inflicting emotional distress upon Plaintiff, by wrongfully, arresting, wrongfully seizing, or wrongfully creating false statements against Plaintiff;

    e.  Negligently, grossly negligently, and/or intentionally, in bad faith, subjecting Plaintiff to unlawful arrest and detention and over detention;

    f.  Negligently, grossly negligently, and/or intentionally, in bad faith, treating

Document received by the MI Macomb 16th Circuit Court.

Plaintiff in an extremely and outrageously abusive manner.

58. As a direct and a proximate result of said negligent, grossly negligent, reckless, willful, wanton, knowing and/or intentional misconduct, all done in bad faith, by the Individual Defendants, in concert with Individual Defendants, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including, physical and mental pain, mental anguish, emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, as well as any other damage listed in paragraph 18.

**WHEREFORE,** the Plaintiff claims judgment against Individual Police Defendants in an amount which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

Respectfully submitted,

/s/ Paul M. Hughes

PAUL M. HUGHES, P 36421
Attorney for Plaintiff
220 Bagley, Suite 740
Detroit, MI 48226
(313) 400-1195
attorneyhughes1419@gmail.com

Dated: April 15, 2020

Document received by the MI Macomb 16th Circuit Court.

13

# IN THE STATE OF MICHIGAN

## FOR THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

GREGORY GEORGE HARRIS,

Case Number: 2020-935-NI

*Plaintiff,*

*vs.*

St. Clair Shores Public Police Officers, Joseph Chomiak
St. Clair Shores Public Police Officer Heather Zawacki
St. Clair Shores Public Police Officer John Doe #1
St. Clair Shores Public Police Officer John Doe #2
St. Clair Shores Public Police Officer John Doe #3

*All in their Individual and Official Capacities,*
*Jointly and Severally*

and

Macomb County Deputy Sheriff MatthewNye
Macomb County Deputy Sheriff Zachary Harmon
Macomb County Deputy Sheriff Anthony Sauger
Macomb County Deputy Sheriff Christopher Conway
Macomb County Deputy Sheriff Jeffrey Carney
Macomb County Deputy Sheriff John Doe #1
Macomb County Deputy Sheriff John Doe #2
Macomb County Deputy Sheriff John Doe #3

*All in their Individual and Official Capacities,*
*Jointly and Severally*

*Defendants,*

_____/

| | |
|---|---|
| PAUL M. HUGHES, (P 36421) | JOHN A. SCHAPKA (P 36741) |
| Attorney for the Plaintiff | Attorney for Defendant Matthew Nye |
| 220 Bagley, Suite 740 | 1 S. Main Street, 8th Flr. |
| Detroit, MI 48226 | Mt. Clemens, MI 48043 |
| (313) 400-1195 | (586) 469-6346 |
| attorneyhughes1419@gmail.com | john.aschapka@macombgov.org |

_____/

Document received by the MI Macomb 16th Circuit Court.

## JURY DEMAND

NOW COMES the Plaintiff and demands trial of his cause by jury.

Respectfully submitted,

/s/ Paul M. Hughes

_____

PAUL M. HUGHES, P 36421
Attorney for Plaintiff
220 Bagley, Suite 740
Detroit, MI 48226
(313) 400-1195
attorneyhughes1419@gmail.com

Dated: March 15, 2020

Document received by the MI Macomb 16th Circuit Court.

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

GREGORY GEORGE HARRIS,

|  |  |
|---|---|
| Plaintiff, | Circuit Court Case No. 2020-000935-NI |
| | Hon. Kathryn A. Viviano |
| v. | Federal Court Case No. |
| | Hon. |

St. Clair Shores Public Police Officers, Joseph Chomiak
St. Clair Shores Public Police Officer Heather Zawacki
St. Clair Shores Public Police Officer John Doe #1
St. Clair Shores Public Police Officer John Doe #2
St. Clair Shores Public Police Officer John Doe #3

> *All in their Individual and Official Capacities,*
> *Jointly and Severally*

and

Macomb County Deputy Sheriff Matthew Nye
Macomb County Deputy Sheriff Zachary Harmon
Macomb County Deputy Sheriff Anthony Sauger
Macomb County Deputy Sheriff Christopher Conway
Macomb County Deputy Sheriff Jeffrey Carney
Macomb County Deputy Sheriff John Doe #1
Macomb County Deputy Sheriff John Doe #2
Macomb County Deputy Sheriff John Doe #3

> *All in their Individual and Official Capacities, a*
> *Jointly and Severally*

Defendants.

---

| | |
|---|---|
| **PAUL M. HUGHES, (P 36421)** | **TIMOTHY S. FERRAND (P39583)** |
| Attorney for the Plaintiff | CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC |
| 220 Bagley, Suite 740 | Attorney for Defendants St. Clair Shores Police |
| Detroit, MI 48226 | Officers Joseph Chomiak and Heather Zawachi |
| (313) 400-1195 | 19176 Hall Road, Suite 220 |
| attorneyhughes1419@gmail.com | Clinton Township, MI 48038 |
| | 586-228-5600 / 586-228-5601 (fax) |
| | tferrand@cmda-law.com |
| | |
| | **JOHN A. SCHAPKA (P 36741)** |
| | Attorney for Defendant Matthew Nye |
| | 1 S. Main Street, 8th Flr. |
| | Mt. Clemens, MI 48043 |
| | (586) 469-6346 |
| | john.aschapka@macombgov.org |

---

01134211-1

## NOTICE OF FILING PETITION/NOTICE OF REMOVAL OF ACTION

TO:    Clerk of the Court – Macomb County Circuit Court
       All Counsel of Record

      Please take notice that Defendants, ST. CLAIR SHORES POLICE OFFICERS JOSEPH

CHOMIAK AND HEATHER ZAWACHI, on this date filed its Petition/Notice of Removal, a

copy of which is attached hereto as **Exhibit 1** in the Office of the Clerk of the United States District

Court for the Eastern District of Michigan, Southern Division, at the federal court building, in

Detroit, Michigan.

                        Respectfully submitted,

                        ***CUMMINGS, McCLOREY, DAVIS & ACHO, PLC***

                By:     _/s/ Timothy S. Ferrand_____
                        TIMOTHY S. FERRAND (P39583)
                        Attorney for Defendant
                        19176 Hall Road, Suite 220
                        Clinton Township, MI 48038
                        (586) 228-5600
Dated: June 17, 2020              tferrand@cmda-law.com

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on June 17, 2020, she caused the foregoing document to be filed with the Court's electronic court filing system, which system will serve all parties of record.

                  */s/  Deborah L. Van Steenis*_____
                     Deborah L. Van Steenis

01134211-1